VALENTINE W. BOISCLAIR, plaintiff in error, *vs.* JOHN JONES, defendant in error.

In a proceeding to foreclose a mortgage on real estate under the provisions of the Code, the mortgagor cannot set up as a defence for himself against the mortgagee, that the property so mortgaged was *trust* property, and that he had no right to mortgage it. The mortgagee has the right to foreclose his mortgage as *against him,* there being no other parties interested before the Court.

Foreclosure of mortgage.    Demurrer.    Decided by Judge Clark, Randolph Superior Court.    November Term, 1867.

John Jones was proceeding to foreclose a mortgage made by Boisclair, individually.  Boisclair showed for cause why the rule should not be made absolute, that the mortgaged premises belonged to him as trustee and not individually.

Plaintiff moved to strike the plea.  The defendant's attorney said they represented Boisclair as trustee, and his *cestui que trusts,* and appeared to protect the trust estate.

The Court held that as neither Boisclair *as trustee* nor his *cestui que trusts,* were parties to the record, they could not be heard to object to the foreclosure, and ordered the rule made absolute.

This was accordingly done, and defendant excepted and assigns the same as error.

FIELDER AND JONES, for plaintiff in error.

C. B. WOOTTEN, for defendant in error.

WARNER, C. J.

The mortgagor executed the mortgage upon the property as his own estate, to secure the payment of his individual debt.  In a proceeding to foreclose the mortgage as against *him,* he cannot be permitted to allege that the property so mortgaged by him as his own individual property, was *not his property,* but was *trust* property which he had no right to mortgage.  The maker of a deed cannot claim *adversely* to his deed, but is *estopped* from denying his right to sell and

convey. Revised Code, Section 2657. When the mortgage shall be foreclosed against the mortgagor, and the property sold, or offered for sale under the judgment of foreclosure, and *other parties* have either a legal or equitable interest in it, they can assert their rights to it at the proper time, and in the proper manner, if they shall think proper to do so. McDougald *vs.* Hall, 3d Kelly's Rep., 174. Whatever right or title the mortgagor conveyed to the mortgagee, by his mortgage deed, may be foreclosed as against *him* in this proceeding, there being no other parties before the Court but the mortgagor and the mortgagee.

Let the judgment of the Court below be affirmed.