## P. ANTON PETERSON AND ANOTHER v. PETER S. WEBERG.[1]

April 3, 1925.

No. 24,481.

**Estoppel against mortgagor denying validity of his mortgage.**

1. A mortgagor is estopped from asserting that the mortgage does not convey the rights which it purports to convey.

**When mortgagor must return proceeds of mortgage before action to cancel it.**

2. Where the mortgagee is not at fault, the mortgagor cannot maintain an action to cancel the mortgage unless he returns what he received under it.

*Headnote 1.  See Estoppel, 21 C. J. p. 1068, § 27.

Headnote 2.  See Cancellation of Instruments, 9 C. J. p. 1216, § 109 (1926 Anno).

Action in the district court for Chippewa county to annul a mortgage and for other relief. Plaintiffs appealed from that part of an order, Qvale, J., sustaining defendant's demurrer to the first cause of action. Affirmed.

*Bert O. Loe,* for appellants.

*C. D. Bensel,* for respondent.

TAYLOR, C.

Plaintiffs appeal from an order sustaining a demurrer to the first cause of action set forth in their complaint.

Plaintiffs are husband and wife. They executed a mortgage to defendant for $4,000 on a quarter section of land in Chippewa county. They claim that the mortgage is null and void, for the reason that plaintiff P. Anton Peterson holds the land under and through the will of his father, which will expressly provided that the land should not be subject to alienation during the lifetime of

[1]Reported in 203 N. W. 209.

his mother for whose benefit a charge was imposed thereon and who is still living. They ask the court to declare the mortgage void on the ground that it is an alienation of the land prohibited by the will.

Whether the mortgage is valid or invalid so far as it affects the rights of other beneficiaries under the will, there are at least two reasons why plaintiffs cannot maintain this action to set it aside.

1. We assume that the mortgage is in the usual form and contains the usual covenants as the complaint states nothing to the contrary. It has long been settled that a mortgagor will not be heard to assert that he had no mortgageable interest in the property. By executing the mortgage he estops himself from asserting that he did not possess the estate which he assumed to mortgage, and also from asserting that the mortgage did not convey the rights which it purports to convey. Carson v. Cochran, 52 Minn. 67, 53 N. W. 1130; Hurlbert v. Weaver, 24 Minn. 30; Jones v. Reese, 65 Ala. 134; Boisclair v. Jones, 36 Ga. 499; Griffis v. First Nat. Bank, 168 Ind. 546, 81 N. E. 490; Concord U. M. F. Ins. Co. v. Woodbury, 45 Me. 447; Barber v. Harris, 15 Wend. (N. Y.) 615; Frazer v. Harvey, 2 S. C. L. (Bailey) 269; Cross v. Robinson, 21 Conn. 379; Mitchell v. Kinnaird, 17 Ky. L. 1250, 29 S. W. 309, 34 S. W. 226; Adam v. McClintock, 21 N. D. 483, 131 N. W. 394; Macloon v. Smith, 49 Wis. 200, 5 N. W. 336 (440); West Mich. Park Assn. v. Pere Marquette R. Co. 172 Mich. 179, 137 N. W. 799.

2. He who asks the aid of a court of equity must do equity. Plaintiffs received the consideration for which they gave the mortgage and still retain it. They make no offer to return it. Even if they had a valid ground for asking a cancelation of the mortgage, a court of equity would not cancel it, where the mortgagee is without fault, unless they return what they have received under it. 10 R. C. L. 392, § 141; 21 C. J. 174; Marin v. Calmenson, 158 Minn. 282, 197 N. W. 262; Mason v. Fichner, 120 Minn. 185, 139 N. W. 485.

Order affirmed.