T. R. WATTS, Appellee, v. L. C. WRIGHT et al., Appellants.

**MORTGAGES:** Foreclosure—Allegation of Ownership or Mortgageable Interest. A petition in mortgage foreclosure need not allege that the mortgagor owned the land or had a mortgageable interest therein; neither need it allege that the mortgagor is estopped to deny such ownership or interest because the execution of such mortgage worked such estoppel in and of itself.

Headnote 1:   21 C. J. pp. 1069, 1245; 27 Cyc. p. 1598.

*Appeal from Greene District Court.*—M. E. HUTCHISON, Judge.

JANUARY 12, 1926.

REHEARING DENIED APRIL 9, 1926.

APPEAL from a default decree entered in an action to foreclose a real estate mortgage. The defendants are appellants.—*Affirmed.*

*B. I. Salinger*, for appellants.

*O. G. Clause* and *Wilson & Harris*, for appellee.

DE GRAFF, C. J.—This appeal is from a default judgment in an action by plaintiff, as mortgagee, to foreclose a real estate mortgage executed by the defendants.

The case is novel in that, after timely service of an original notice in legal form, the defendants entered no appearance, filed no answer, and did not by motion attack the decree entered. The first echo is this appeal.

A procedural question arises on appellee's motion to dismiss, which we deem unnecessary to decide, as a preference has been expressed by appellee in his argument that the legal propositions urged by appellants be ruled on their merits. This we shall do.

Appellants contend that a default decree entered in an action to foreclose a real estate mortgage should be reversed on review *de novo* when there is neither plea nor proof that the mortgagor owned the land described in the mortgage and there is neither plea nor proof of estoppel.

The instant petition does not contain a specific allegation that the defendants, as mortgagors, were the owners of the land described in the mortgage. This is not essential, in that its absence would make the petition demurrable. An allegation of the execution of the mortgage is sufficient, without any averment of title in the mortgagor. 3 Jones on Mortgages (7th Ed.), Section 1454. It necessarily follows that:

"The plaintiff need not prove title in the mortgagor as against such mortgagor and his privies." Ibid., Section 1456.

The petition, with prayer for decree of foreclosure, is in ordinary form, and contains the usual averments common to cases of this character. It alleges, *inter alia,* that on a recited date the defendants executed and delivered to plaintiff a certain promissory note in the sum of $4,200, a true copy thereof being attached to and made a part of the petition; that, to secure said note, the defendants executed and delivered to plaintiff a certain mortgage deed upon a described parcel of real estate, a true copy of said mortgage being attached and made a part

of the petition; that said mortgage was duly filed with the recorder of the county in which the real estate was situate; that the plaintiff is the legal holder and owner of said mortgage; and that the same is due and wholly unpaid.

In the mortgage itself, which was a part of the petition, it is recited that the defendants "do hereby sell and convey" the described premises in controversy, and that said defendants "will warrant the title thereto against the lawful claims of all persons whomsoever," and that the right of dower is released by certain named persons whose signatures are attached to said mortgage, and who were also joined as parties defendant in this action. The note and mortgage were identified, and offered and introduced in evidence.

The plaintiff established a prima-facie case upon the introduction in evidence of the note and mortgage, and thereupon was entitled to a decree foreclosing the mortgageable interest and title of the defendants in the property, whatever that title or interest might be.

Obviously there was no occasion for the plaintiff to plead estoppel in the petition filed. He was under no legal duty to anticipate defenses or to prove more than sufficient to entitle him to the relief demanded. Section 11181, Code of 1924. By the execution and delivery of the mortgage in suit, the defendants, as mortgagors, estopped themselves on the question of their ownership of the described real estate. Estoppel need not be specially pleaded when the matter on which it arises appears on the face of the pleadings; and in the instant case, by the very recitals of the mortgage the lips of the mortgagors are closed to deny that they owned a mortgageable interest in the property. 21 Corpus Juris 1245, Section 254; *Crawford v. Nolan,* 70 Iowa 97.

"It has long been settled that a mortgagor will not be heard to assert that he had no mortgageable interest in the property. By executing the mortgage he estops himself from asserting that he did not possess the estate which he assumed to mortgage, and also from asserting that the mortgage did not convey the rights which it purports to convey." *Peterson v. Weberg,* 162 Minn. 410 (203 N. W. 209), with cases cited.

As between the mortgagor and the mortgagee, title is not

in issue. It was not in issue here. The action does not involve a third party, claiming an interest or estate adverse to the mortgagee. There can be but one answer to the problem. By every rule of the law and principle of equity jurisprudence the appellants should be denied the rights claimed on this appeal.

The decree entered by the trial court is—*Affirmed*.

STEVENS, FAVILLE, and VERMILION, JJ., concur.