M. W. FITZ, Appellee, v. JAMES W. FORBES et al., Defendants; AMERICAN TRUST & SAVINGS BANK OF CEDAR RAPIDS, Appellant.

No. 39351.

JUNE 24, 1929.

REHEARING DENIED SEPTEMBER 21, 1929.

*B. I. Salinger* and *Wilson & Harris,* for appellant.

*Graham & Osborn,* for appellee.

DE GRAFF, J.—One proposition only is involved on this appeal, and the question presented for decision is whether or not the trial court correctly ruled the motion of the defendant-ap-

pellant (American Trust & Savings Bank of Cedar Rapids) for a continuance of the cause, which motion was interposed after the filing of an amendment by plaintiff to his petition, alleging that the mortgagor was the legal title holder of the land in question when the mortgage on said land was executed and delivered to plaintiff. Who are the parties to this action? Plaintiff Fitz (appellee) is the mortgagee. The defendants James W. Forbes and wife, Edith M. Forbes, are the mortgagors. The defendants W. W. Forbes and wife, D. C., are the grantees in a warranty deed executed by the mortgagors, covering the real estate described in said mortgage, and by the terms of said deed, the grantees assumed and agreed to pay the said mortgage. The other named defendants, including the American Trust & Savings Bank (appellant), are alleged in the petition "to have or claim to have some right or interest in and to the said described property, but this plaintiff avers that whatever right or interest they may have, or claim to have, is junior and inferior to the rights and title of this plaintiff." The petition as filed in this cause is the ordinary and usual petition in a foreclosure action. It contains all necessary allegations. No demurrer was filed to it, and it is not demurrable. To the petition of plaintiff no answer was filed by any defendant except the appellant American Trust & Savings Bank of Cedar Rapids, and that answer, *inter alia*, denies the allegation of the petition that whatever right or interest the American Trust & Savings Bank may have, or claim to have, is junior and inferior to the rights and title of the plaintiff. The answer admits that, so far as the makers of the mortgage and the alleged assumers thereof are concerned, plaintiff is entitled to a foreclosure, but avers that plaintiff is not entitled to foreclosure or any other relief against the answering defendant, who has a lien on the premises described in the petition, by reason of an attachment thereon duly levied, in a cause pending in the district court. Further answering, the defendant American Trust & Savings Bank states:

"That neither count of the petition states a cause of action as against this defendant for in that it is nowhere averred in either count that James W. Forbes and Edith M. Forbes, or either, or both, were the owners of the lands described in the petition."

On September 10, 1927, plaintiff filed his reply to the answer of the defendant Trust & Savings Bank, which reply denied every statement and averment in said answer inconsistent with the allegations in the plaintiff's petition, and in further reply set forth the history and acquisition of the title by James W. Forbes, and also made reference to the claim on the part of the answering defendant as to his claimed attachment, and alleged that the writ was procured to be issued against James W. Forbes, but alleged that said bank never acquired any lien upon or interest in said described real estate, for the reason that said real estate had been conveyed by the defendant mortgagor, James W. Forbes, long prior to the levy of said pretended attachment upon said real estate, and concluded with the words, ''the plaintiff therefore prays as in his original petition.''

On the same date, the plaintiff filed an amendment to his petition, apparently to meet the challenge of the answering defendant, and there was alleged in said amendment the time James W. Forbes became the owner of the said real estate, and that he was the owner of such real estate at the time of the execution and delivery of the mortgage referred to in plaintiff's petition, and that Forbes continued to be the owner until on or about the 14th day of November, 1924, when the land was conveyed, as hereinbefore stated.

On the same day as the reply to appellant's answer and the amendment to plaintiff's petition were filed, this cause was called for trial,—to wit, September 10, 1927, at 10:45 A. M. The certified transcript of the record before us discloses that, on the above date, ''the parties being present in court, or represented by counsel,'' the attorney for the answering defendant, by motion dictated into the record, asked to have this cause continued, for the primary reason that, for a long time, the answering defendant had on file in this cause an answer expressly defending on the ground that the petition failed to allege that the mortgagor of the plaintiff owned the mortgaged property at the time the mortgage was given; that the answer had never been attacked in any way; that, without showing any cause for delay, the plaintiff amended his petition by putting in the allegation of title; that the answering defendant had prepared himself for trial on the issues as they stood prior to said amendment, and that he is surprised by said amendment; that his client is not here, because it

was deemed unnecessary to have testimony, in view of the state of the unamended plea; that neither defendant nor his counsel is prepared to try the fact issue thus tendered for the first time this morning. For these reasons, he moves that this cause be continued. A resistance was dictated into the record by the opposing counsel, and thereupon the court ruled:

"So far as the absence of your client is concerned, Mr. Salinger, we will give you an opportunity to have him here; but otherwise, the case will proceed to trial, and your motion will be overruled."

The attorney for the answering defendant then said: "Well, there won't be any trial, Your Honor; we will stand on the ruling." He did stand on the ruling, and did not participate further in the trial. Parenthetically, it may be said that the plaintiff did proceed, and introduced his evidence to establish his case as pleaded; and upon the conclusion thereof, a decree was entered, finding the equities to be in favor of the plaintiff.

The material question is, Did the amendment inject a material allegation upon which the answering defendant could base surprise, and therefore predicate a motion for continuance? We think not. The burden of proof as to the allegations of the plaintiff's petition were on the plaintiff. He was compelled to prove what he alleged. He was not required to allege in his petition that the mortgagor had title to the land when he executed the mortgage in question, for the reason that the mortgagor, by executing the mortgage, estopped himself from asserting that the mortgage did not convey the rights which it purported to convey. See *Watts v. Wright*, 201 Iowa 1118. The cases relied upon by the appellant involve chattel mortgages, and the cited cases are easily differentiated on the facts from the case at bar, which involves a real estate mortgage. It is true that this court has held that the execution of a chattel mortgage does not raise the presumption that the mortgagor is the owner of the goods covered by the mortgage, especially as against one who is not a party to the mortgage. This rule was reluctantly accepted in *Syck v. Bossingham*, 120 Iowa 363, and this court plainly indicated in the opinion that, if the *Syck* case were a case of novel impression, it would be disposed to hold to the contrary rule; "but, having been twice announced, we are not disposed at this time to ques-

974

tion it.'' The rule was later recognized in *Lee County Sav. Bank v. Snodgrass Bros.*, 182 Iowa 1387, l. c. 1392. See, also, Jones on Chattel Mortgages (5th Ed.) 657, Section 446, where the rule is recognized, but with certain limitations. It is sufficient to state that, in the case at bar, we are not dealing with a chattel mortgage. We are dealing simply with a question of priority. The plaintiff, as pointed out, alleged in his petition that the answering defendant (appellant here) claimed to have some right or interest in and to the described property; but it was further averred that whatever right or interest it may have or claim is junior and inferior to the rights and title of this plaintiff. The answering defendant joined issue on this allegation, and this was an allegation which the plaintiff was bound to prove.

We may say at this point that the amendment in question, filed by plaintiff at the eleventh hour, did not change the issue involved. The amendment in question was an unnecessary and nonessential plea. It introduced no new question of fact. The primary issues remained the same.

Motion by appellant for certification of certain portions of the record has been complied with, and the motion of appellant to strike portions of the amended abstract is overruled.

The ruling of the trial court is sustained, and the judgment entered is—*Affirmed.*

ALBERT, C. J., and STEVENS, FAVILLE, and MORLING, JJ., concur.