## CRAWFORD, TRUSTEE, v. NOLAN ET AL.

1. **Attachment:** DEFEATS CLAIM OF PRIOR OWNERSHIP: ESTOPPEL: INCONSISTENT DEFENSES. In an action by the mortgagee to recover for the wrongful seizure and conversion of mortgaged goods under a writ of attachment against the mortgagor, the defendant is estopped to set up, for the purpose of invalidating the mortgage, that he was the owner of the goods by purchase from the mortgagor at the time the mortgage was made; for a party cannot be allowed to say that he has attached his own property. (Compare *Citizens' Bank v. Dows*, 68 Iowa, 460.) Code, § 2710, allowing a party to plead contradictory defenses, does not apply.

2. **Estoppel:** PLEADING: WHAT SUFFICIENT. An estoppel must be pleaded to be relied on; but where the question arises on demurrer to an answer, it is sufficient if the facts constituting the estoppel are pleaded in the petition.

3. **Attachment:** CLAIM OF THIRD PARTY: NOTICE: WHAT SUFFICIENT. Where a third party claims the property seized on attachment, a notice to the officer stating that he claims it by virtue of a mortgage, giving its date, and that the mortgage was given to secure certain described promissory notes given by the mortgagor, this is sufficient, under chapter 45, Laws of 1884, without stating what was the consideration of the notes.

4. **Attorney at Law:** AUTHORITY IN COLLECTING: EXTENSION OF TIME. Where parties sent to a firm of attorneys certain claims with the instructions: "Please do your best to secure or collect," and "We enclose for collection, security or suit without delay," *held* that one of the firm had authority to secure by chattel mortgage, and to extend time of payment in effecting such security.

5. **Fraudulent Conveyance:** SECURING PREFERENCE: BADGE OF FRAUD: QUESTION FOR JURY. While one creditor may, by the exer-

| | |
|---|---|
| 70 | 97 |
| 83 | 366 |
| 70 | 97 |
| 88 | 198 |
| 88 | 439 |
| 70 | 97 |
| 97 | 350 |
| 98 | 428 |
| 70 | 97 |
| d107 | 51 |
| 70 | 97 |
| 110 | 528 |
| 110 | 741 |
| 70 | 97 |
| t | 290 |
| - | 293 |
| 70 | 97 |
| 117 | 24 |
| 70 | 97 |
| 121 | 150 |
| 70 | 97 |
| 129 | 702 |

cise of superior diligence, obtain security from his debtor, and in so doing absorb or take all the debtor has, knowing that there are other creditors who will get nothing, yet this must be done solely with the intention of securing himself, and with no purpose to wrong or defraud others; but if there appears about the transaction any badge of fraud, it should, in a proper case, be submitted to the jury.

*Appeal from Palo Alto Circuit Court.*

THURSDAY, OCTOBER 28.

ACTION AT LAW. Trial by jury. Judgment for the plaintiff, and defendants appeal.

*Harrison and Jenswold,* for appellants.

*Soper, Crawford & Carr,* for appellee.

SEEVERS, J.—Soper, Crawford & Carr is a partnership engaged in the practice of law, and the plaintiff is a member of that firm, who received for collection, through attorneys in Milwaukee and Chicago, certain claims against L. J. Baldwin in favor of D. B. Fiske & Co. and the Cream City Cloak Company. To secure said claims Baldwin executed to the plaintiff, as trustee, a chattel mortgage on a stock of merchandise. Baldwin was indebted to Lederer, Strauss & Co., who, after the execution of the mortgage, attached the merchandise, and this action is brought against the sheriff and Lederer, Strauss & Co. to recover the value thereof, or the plaintiff's interest therein.

I. The mortgage was executed on the tenth day of July, 1886, and the plaintiff claimed to recover under the mortgage. The defendants pleaded that on the preceding day Baldwin sold and delivered to Lederer, Strauss & Co. the goods in controversy, and therefore was not the owner when the mortgage was executed, and that plaintiff had full knowledge of such sale and purchase. To this portion of the answer the plaintiff demurred, on the ground that, as

1. ATTACH-MENT : defeats claim of prior ownership: estoppel: inconsistent defenses.

Lederer, Strauss & Co. had caused the goods to be attached as the property of Baldwin, it could not be pleaded as a defense that said firm were the owners of the goods at the time they were attached. The demurrer was sustained.

Substantially the same question presented on the demurrer was determined adversely to the appellants in *Citizens' Bank of Greenfield v. Dows,* 68 Iowa, 460, and that is that a person cannot claim property under two inconsistent rights at the same time. He may select either, but cannot avail himself of both. But it is urged that under the statute a defendant may plead contradictory defenses. Code, § 2710. All that is contemplated by the statute is that such defenses cannot be objected to simply because they are inconsistent with each other. But in this case the assertion of one of the rights pleaded destroys the other. The defense pleaded is not held bad simply because another inconsistent defense was pleaded, for in fact such is not the case, but for the reason that the defendants had attached the goods as the property of Baldwin, and, in order to recover, the plaintiff must establish such fact, and therefore the defendants should be estopped from setting up that they owned the property. It is, however, said that an estoppel cannot exist unless the opposite party has been prejudiced. In reliance on the fact that the defendants claim under the attachment, this action was brought, and to now permit the defendants to set up another right would be prejudicial to their interests. The goods were seized under the attachment, and by the defendants converted to their own use. If this had not been done, the plaintiff might have taken possession under his mortgage, and have foreclosed it under the statute, notwithstanding the claimed ownership of Lederer, Strauss & Co.

It is further said that an estoppel must be pleaded. This we understand to mean that the facts constituting it must

2. ESTOPPEL: pleading: what sufficient. be pleaded, and when this has been done, and a demurrer is applicable, the sufficiency of such facts may be thus tested. *Miller v. Elliott,* 1

Crawford, Trustee, v. Nolan et al.

Ind., 404; *Beckett v. Bradley*, 7 Man. & G., 994. In this case the requisite facts appear in the pleadings, and therefore the demurrer was rightly sustained.

II.   It is provided by statute that an officer levying an attachment "shall be protected from all liability by reason of such levy until a written notice is served on him by the person claiming the property, stating that it belongs to him, and the nature of his interest, and for what consideration." Chapter 45, Laws 1884, (Miller's Code, 739.). The plaintiff claims such a notice was given; the defendants insist that it is insufficient on the ground that it fails to state upon what consideration the mortgage and notes were given. It is stated in the notice that the plaintiff claims the property under the mortgage, giving its date, and stating that the mortgage was given to secure certain described promissory notes executed by the mortgagor. The nature and extent of the plaintiff's interest is stated, and also under what right, and that is the mortgage, and it sufficiently appears that it was executed in consideration of the promissory notes. The plaintiff's right to the property is the mortgage, and the consideration for it is the notes, and this, we think, is sufficient. Plaintiff was not required to state what was the consideration for the notes.

*3. ATTACH-MENT: claim of third party: notice: what sufficient.*

III.   When the claims against Baldwin were placed in the hands of Soper, Crawford & Carr, they were due; and when the mortgage was given the time of payment was extended sixty or ninety days. It is said, an attorney has no authority to grant an extension of time for the payment of a claim. This is conceded to be true unless he has been so expressly authorized, or it can be implied from the instructions given. The instructions were, "Please do your best to secure or collect," and, "We inclose for collection, security, or suit, without delay." To secure is something materially different from payment or collection, and clearly implies and gives a discretion

*4. ATTORNEY at law: authority in collecting: extension of time.*

as to the sufficiency of the security to be taken, and also as to extending the time of payment in order to obtain it. But it is said that the authority was to the partnership, and that Crawford alone could not lawfully exercise such discretion. But we think he could. He was acting for the partnership, and it was bound by what he did. *Antrobus v. Sherman*, 65 Iowa, 230, is materially different.

IV. The defendants pleaded that the mortgage was executed for the purpose of hindering, delaying and defrauding Lederer, Strauss & Co. The court failed and refused to submit this issue to the jury, on the ground, we suppose, that the court thought there was no evidence tending to show fraud. At least appellee so contends. We feel constrained to say that in this respect we think the court erred. Undoubtedly one creditor may lawfully, by the exercise of superior diligence, obtain payment or security from his debtor, and in so doing absorb or take all the debtor has, and it is immaterial that there are other creditors who get nothing. But, while this is so, there must be no intent to wrong or defraud others, but a *bona fide* intent to protect himself. The plaintiff could well take the mortgage as he did, but the evidence of Baldwin tends to show there was some qualified or conditional understanding as to the possession of the merchandise which the law denominates a badge of fraud. Its sufficiency was for the jury. It would be improper, in view of a retrial, for us to comment on the evidence, and we deem it sufficient to say that there was, as we think, some evidence tending to show fraud.

Errors are assigned in the admission of evidence, upon which we do not deem it necessary to pass.

REVERSED.

5. FRAUDULENT conveyance: securing preference: badge of fraud: question for jury.