James F. Taylor, *et al.*, v. Belle Jones, *et al.*

150 So. 254.
Division A.
Opinion Filed October 4, 1933.

*John M. Allison, Gibbons & Gibbons* and *Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellants;

*McKay, Withers & Ramsey,* for Appellees.

Per Curiam.—In the court below, appellee, Belle Jones, filed suit by creditor's bill against appellants. Appellees, R. W. Withers, as guardian of Elizabeth A. Withers, Jose-

phine P. Withers, Robert W. Withers, Jr., and Blanche A. Chestnut, were allowed to intervene and become parties complainant thereto. On the filing of the bill a temporary restraining order was granted and enjoining the defendants from disposing of any of the personal property described in the bill of complaint: A special demurrer to certain paragraphs of the bill was overruled and this appeal is from that decree. A general demurrer to the bill was not interposed.

The purpose of the creditor's bill was to subject certain properties described therein to the payment of judgments secured by complainants against the defendants. It is alleged that said properties were conveyed by the defendants Taylor and Moore to their wives for the purpose of defrauding present and future creditors. The parties are in agreement as to the law applicable to fraudulent conveyance, the point of cleavage between them, as presented by the assignments of error, is whether or not the bill of complaint states a cause of action.

The creditor's bill is predicated on the broad general theory that the conveyances brought in question were fictitious in their inception and were made on the part of defendants, Taylor and Moore, with the express purpose and intention of hindering, delaying and defrauding their existing creditors or those to become their creditors in the future.

Appellants contend that allegations of the bill to exemplify such a purpose are not sufficient. That to support a charge of fraud on creditors it should be alleged that the vendors were heavily indebted at the time the conveyances were made or that they held themselves out as owners of the properties conveyed, or that they represented themselves as having no existing creditors, or that complainants

relied on defendant's ownership of the properties, or other allegations of equivalent import to show fraudulent intent at the time of the conveyances.

As to what constitutes a sufficient allegation of fraud under such circumstances the rule followed in most jurisdictions is that it is necessary for one seeking relief against an alleged fraudulent conveyance to allege that it was made with intent to hinder, delay, or defraud creditors, especially when by statute the question of fraudulent intent *vel non* is made a question of fact, but it need not be alleged specifically that the conveyance was made with intent to defraud the complainant personally, if it is alleged that it was made with intent to defraud creditors generally. The intent to delay or defraud creditors is an ultimate fact and not a conclusion of law, which may be pleaded in so many words without stating the specific facts or evidence which go to substantiate the charge, although a statement of the substantive facts from which the inference of fraudulent intent may be drawn would not be improper, and when this is done it is not essential to state the legal conclusion of fraudulent intent from the facts pleaded.

In some jurisdictions it has been held that, although it is customary and proper to aver in terms that the transfer complained of was made with intent to hinder, delay, and defraud creditors, this is not essential, it being sufficient to support a decree if facts and circumstances from which an inference of fraud may be drawn are well pleaded. Ostend Realty Co. v. Biscayne Realty & Ins. Co., 99 Fla. 1221, 128 So. 643; Reel v. Livingston, 34 Fla. 377, 16 So. 284, 27 C. J. 773-775; 12 R. C. L. 665.

Section 3864, Revised General Statutes of 1920, Section 5771 Compiled General Laws of 1927, vitiating any conveyances made for the purpose or intent to delay, hinder, or

defraud creditors, is in harmony with this rule. The allegations of the bill are sufficient to cancel a fraudulent conveyance as contemplated by this Act if proven.

A conveyance may be cancelled for fraud whether present creditors or creditors-to-be were in mind in its making. In the case at bar, when considered from the standpoint of the whole record, we may reasonably infer that either class were in contemplation.

For these reasons the judgment below must be and is hereby affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.

ELLIS, J., not participating. .