A. A. GODARD v. PEYTON C. CRENSHAW, *et al.*

186 So. 822.
En Banc.
Opinion Filed August 1, 1938.
Rehearing Denied October 7, 1938.

*M. Lewis Hall,* for Appellant;

*Casey, Walton & Spain,* and *T. D. Ellis, Jr.,* for Appellees.

PER CURIAM.—This is an appeal from an amended order dismissing the first amended bill of complaint and each prior bill of complaint, at the cost of plaintiff, and vacating the notice of *lis pendens.*

A. A. Godard, on May 20, 1931, filed his creditors' bill against Peyton C. Crenshaw, Shoal Creek Coal Co., James B. Westcott, and Mary H. Westcott, his wife, Petroleum Holding Corporation, Home Seekers Realty Co. and Hollywood Land & Water Co., seeking to have certain conveyances, a mortgage and the assignment thereof decreed to be null and void, to have the Hollywood Land & Water Co. decreed to be the owner of the land involved, free and clear of the claim of any of the defendants, and to have plaintiff's claim decreed to be superior to any other claim and satisfied from said property, after judgment should first be obtained at law.

Notice of *lis pendens* was filed on the same date.

A demurrer was filed to the bill, which according to stipulation of the parties in open court, was to be considered as a motion to dismiss.

The court ordered that the demurrer be considered as a motion to dismiss, that the motion be sustained, and that plaintiff be allowed until January 15, 1932, in which to file an amended bill.

The record before us contains no order extending the time for filing the amended bill of complaint. On June 16, 1932, an amended bill of complaint was filed.

Without any further motion or order enlarging the time,

so far as this record shows, plaintiff, on November 22, 1935, filed his first amended bill of complaint against the parties defendant to the original bill, and in addition also made Golda Moore Crenshaw, wife of Peyton C. Crenshaw, Glen Dixon and Nellie Dixon, his wife, and Bond & Tax Adjustment Bureau, Inc., parties defendant thereto. The prayer of the first amended bill was the same as that of the original bill, except that there was added to the first amended bill the prayer that the Bond & Tax Adjustment Bureau, Inc., and Glen Dixon be decreed to have acquired no rights in or liens upon the property involved except for the use and benefit of Peyton C. Crenshaw.

Motion to dismiss was filed by Hollywood Land & Water Co., Home Seekers Realty Co., Peyton C. Crenshaw and Petroleum Holding Corporation. Another motion to dismiss was filed by Golda Moore Crenshaw. And a third motion to dismiss was filed by Glen Dixon and Nellie Dixon, his wife.

The court entered its order granting each of the several motions to dismiss the first amended bill of complaint, and cancelled the *lis pendens* notice.

Thereafter the court entered its amended order, the pertinent part of which are:

"Now, therefore, it is hereby considered, ordered and decreed, by the Court, of its own motion, that the said Order be, and the same is hereby, amended *nunc pro tunc* as of the 9th day of September, 1936, in such manner that the second paragraph thereof shall, and it is hereby made to, read as follows:

" 'It is ordered, adjudged and decreed that each of the several motions to dismiss the said First Amended Bill of Complaint be and the same are hereby granted; that the said First Amended Bill of Complaint, as well as each prior Bill of Complaint filed herein, be and each of them is hereby

dismissed, at the cost of the above named plaintiff; and that the Notice of *Lis Pendens* heretofore filed and recorded herein be and the same is hereby cancelled, vacated, set aside and annulled.' "

From this order the appeal was taken.

Plaintiff owned 20 bonds of $1,000.00 each issued by the Home Seekers Realty Co. and Hollywood Land & Water Co., on October 1, 1926. Plaintiff began his action at law to recover on these past due obligations prior to filing his first bill of complaint. The defendant obligors on these bonds were alleged to be insolvent, and neither had property subject to legal execution. On September 10, 1928, Peyton C. Crenshaw, after foreclosing a mortgage, obtained a deficiency decree against Home Seekers Realty Co. for $138,903.09. Hollywood Land & Water Co. was not indebted to Peyton C. Crenshaw on the mortgage, was not a party to the foreclosure, and the deficiency decree was not rendered against it. The two corporations, obligors on plaintff's bonds, were affiliated, with interlocking directorates, and were dominated by a single individual, president of both corporations. From the date of the issuance of the bonds until February 8, 1929, Hollywood Land & Water Co. owned the land covered by the bill of complaint. Pursuant to an agreement entered into between the two corporations, obligors on plaintiff's bonds, and Peyton C. Crenshaw, on September 11, 1928, the Hollywood Land & Water Co. executed to Home Seekers Realty Co. a mortgage on their lands, which mortgage was assigned to Peyton C. Crenshaw. Thereafter, on January 28, 1929, the property was conveyed by Hollywood Land & Water Co. to Shoal Creek Coal Co., the designee of Peyton C. Crenshaw. Peyton C. Crenshaw satisfied of record the mortgage assigned to him, and the deficiency decree against Home Seekers Realty Co. By a series of conveyances, legal title

to the property finally came to the Petroleum Holding Corporation, which corporation was alleged to have been created for the purpose of holding the property for Crenshaw, and was alleged to hold it in trust for Peyton C. Crenshaw.

After describing each transaction in detail, and showing the relation of the several grantees of the property to Peyton C. Crenshaw, the original bill of complaint alleged the intent to defraud creditors in the following language:

"That your orator therefore charges that all of said conveyances from the defendant Hollywood Land and Water Company as vendor, as well as said mortgage deed from the defendant Hollywood Land and Water Company to the defendant Home Seekers Realty Company, as subsequently assigned to the defendant Peyton C. Crenshaw, all of which are more fully described in Paragraph VII hereof are a fraud on your orator and null and void as to your orator and should in equity be set aside and the property therein involved subjected by decree of this court to your orator's claim."

The first amended bill of complaint alleged the intent to defraud creditors in identically the same language.

The original bill contains a paragraph alleging that these transfers were made when the Hollywood Land & Water Co. and the Home Seekers Realty Co. were insolvent or their insolvency imminent and with the intent to prefer Peyton C. Crenshaw above other creditors, and concludes the paragraph with the allegation:

"That your orator therefore avers that all of the conveyances, mortgages, and assignments described in Paragraph VII hereof are void as to your orator and other creditors and that your orator is entitled to recover from the defendant Peyton C. Crenshaw all such monies, securities, properties or other assets as the said defendant Peyton

C. Crenshaw may have received in conformity with the allegation of Paragraph IX of this bill of Complaint."

The first amended bill of complaint contained allegations of an identical nature, in exactly the same words as used in the original bill of complaint.

In the case of Taylor v. Jones, 112 Fla. 234, 150 So. 254, we said:

"As to what constitutes a sufficient allegation of fraud under such circumstances, the rule followed in most jurisdictions is that it is necessary for one seeking relief against an alleged fraudulent conveyance to allege that it was made with intent to hinder, delay, or defraud creditors, especially when by statute the question of fraudulent intent *vel non* is made a question of fact; but it need not be alleged specifically that the conveyance was made with intent to defraud the complainant personally, if it is alleged that it was made with intent to defraud creditors generally. The intent to delay or defraud creditors is an ultimate fact and not a conclusion of law, which may be pleaded in so many words without stating the specific facts or evidence which go to substantiate the charge, although a statement of the substantive facts from which the inference of fraudulent intent may be drawn would not be improper, and when this is done it is not essential to state the legal conclusion of fraudulent intent from the facts pleaded.

"In some jurisdictions it has been held that, although it is customary and proper to aver in terms that the transfer complained of was made with intent to hinder, delay, and defraud creditors, this is not essential; it being sufficient to support a decree if facts and circumstances from which an inference of fraud may be drawn are well pleaded."

Again in the case of Ostend Realty Co. v. Biscayne Realty & Insurance Co., 99 Fla. 1221, 128 So. 643, we held:

"Where the allegations of the bill are sufficient to con-

stitute allegations of fraud, it is not necessary that the pleader should set up in the bill all the facts evidencing the alleged fraud."

These two quoted portions of the original bill, which are the same in the first amended bill, are the only allegations in either bill where plaintiff attempts to show that the various transactions were made with intent to hinder delay and defraud creditors. The first quoted portion of the bills merely alleged that the several transactions were a fraud on plaintiff without alleging that there was any intent in consummating the transactions to hinder, delay or defraud creditors generally or plaintiff as a creditor in particular. The second quoted portion of the bills alleged in effect that the various transactions were a fraud on plaintiff and other creditors, not because the transactions were made with the intent to hinder, delay and defraud creditors, but because they were made for the purpose of preferring one creditor over another.

In the case of Jackson v. Citizens Bank & Trust Co., 53 Fla. 265, 44 So. 516, we said:

"A person who receives property from an insolvent debtor in payment of an *antecedent debt* occupies a more favored position than a *purchaser for a present consideration*. A preferential transfer of property cannot be declared fraudulent as to other creditors, although the debtor in making it intended to defeat their claims, and the creditor had knowledge of such intention, if the preferred creditor did not actually participate in the debtor's fraudulent purpose. If the only purpose of the creditor is to secure his debt, and the *property is not worth materially more* than the debt, the transaction is not fraudulent. 20 Cyc. 274, and cases cited, Rosenheim v. Flanders, 114 Iowa 291, 86 N. W. Rep. and cases cited; Sly v. Bell, 131 Iowa 184, 108 N. W. Rep. 227, and cases cited. And this is so, although

the creditor knows that the debtor is insolvent. 20 Cyc. 475; 6 Encyc. Ev. 114.

"He is even protected in such case, although he knows the debtor is actuated solely by a desire to defraud his own creditors. 20 Cyc. 475; Rosenheim v. Flanders, *supra;* Sly v. Bell, *supra.*

'Such a creditor is protected even though he knows that the transfer is of all the debtor's property, that there are other creditors, and that the effect of the debtor's action will be to defeat them. 20 Cyc. 475; Carson v. Byers, 67 Iowa 606, 25 N. W. Rep. 826; Crawford v. Nolan, 70 Iowa 97, 30 N. W. Rep. 32; Rosenheim v. Flanders, *supra.*

"But the creditor must act in good faith, for, if he takes the conveyance for the purpose of aiding in the fraud, it is void, Richards v. Schreiber, Concher & Westphal Co., 98 Iowa 422, 67 N. W. Rep. 569. Rosenheim v. Flanders, *supra."*

Neither of the bills alleged that Peyton C. Crenshaw, in entering into the various transactions set forth in each bill, participated in any fraudulent purpose of the debtor to deprive other creditors of their enforcement of their remedies against the debtor, or that he had any other purpose in so doing than to secure his debt, or that the value of the property was in excess of the consideration given by the creditor.

Plaintiff did not observe, in either of the bills, the rules stated in the quoted cases with regard to pleading the matters herein discussed.

The first amended bill of complaint was not only defective because of the faults herein set forth, but also because it failed to allege with definite certainty that the mortgage executed by the Hollywood Land & Water Co. to the Home Seekers Realty Co. was without consideration.

Other questions presented need not be considered.

The order dismissing both the original and the first

amended bill of complaint was without error, and it is hereby affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

## ON PETITION FOR REHEARING

PER CURIAM.— On petition for rehearing, the judgment of this Court affirming the amended order dismissing the several bills of complaint, is modified so as to be affirmed without prejudice to the plaintiff below to present and the circuit court to entertain a motion to amend, if timely presented and if in conformity with the views expressed in the Supreme Court's Opinion herein expressed.

Petition for rehearing denied.

ELLIS, C. J., WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.