117 So.2d 764 (1960)
L.B. NELSON and T.W. Ward, Trading and Doing Business As Ward Paving Company, a Copartnership, Appellants,
v.
CRAVERO CONSTRUCTORS, INC., a Florida Corporation, George Cravero, Jr., and Shirley F. Cravero, His Wife, and Dennis P. Cravero, Individually and Doing Business As Cravero Building Co., Appellees.
No. 58-763.
District Court of Appeal of Florida. Third District.
February 11, 1960.
*765 Glenn Bludworth, Miami, for appellants.
Moore, Jaffe & Amari and Alvin N. Weinstein, Miami, for appellees.
HORTON, Chief Judge.
This is an appeal from a final decree dismissing with prejudice the appellants' complaint.
Appellants brought a bill "in the nature of a creditor's bill" to set aside a conveyance by appellee Cravero Constructors, Inc., grantor, to appellees George Cravero, Jr., Shirley F. Cravero and Dennis P. Cravero, acting as co-partners in the name of Cravero Building Company, alleged to have been made in fraud of creditors pursuant to § 726.01, Fla. Stat., F.S.A.
*766 Appellees answered denying the material allegations of the complaint and setting up certain affirmative defenses not necessary to be considered on this appeal. The cause went to trial upon the issues made by the complaint and answer.
Upon completion of the appellants' case, the appellees moved for a "directed verdict" on the grounds that the appellants had wholly failed to establish by a preponderance of the evidence or by any competent evidence that there was any fraud, collusion or guile of any sort, and also had failed to prove that the conveyance was without adequate consideration. This motion was granted and the court entered the final decree from which this appeal was taken.
The appellants contend that the chancellor erred in dismissing the complaint since the evidence presented was sufficient to establish a prima facie case. Appellants support this position by a reliance upon § 726.01, supra, concerning fraudulent conveyances, and § 608.55, Fla. Stat., F.S.A., voiding preferential transfers by an insolvent corporation or one whose insolvency is imminent. The application of the latter statute (§ 608.55, supra) was not presented to the chancellor nor considered by him in his final determination of the cause, but was raised for the first time on appeal. The rule that an appellate court will review only those matters and things raised and presented in the trial court is so well established as not to require the citation of authority. We recognize the exceptions to this rule, but the facts and circumstances of this cause do not bring it within any of the exceptions. See 2 Fla.Jur., Appeals, § 290. Therefore, the court will not consider the applicability of the statute in its determination of the cause.
Although the appellees term their motion one for directed verdict, nevertheless it would be proper under the circumstances even though it were misnamed. Rule 1.35(b), Florida Rules of Civil Procedure, 30 F.S.A., permits a motion to dismiss at the conclusion of the plaintiff's case and preserves the movant's right to put on his case in the event the motion is denied. The effect of the motion is the same as a motion for directed verdict under Rule 2.7(a), Florida Rules of Civil Procedure, applicable in common law actions. We have carefully reviewed the evidence in this cause in the light most favorable to the appellants and find the evidence to be legally insufficient to support a decree for the appellants.
The mere proof of the transfer of assets by an insolvent debtor or one whose insolvency is imminent, to a creditor in payment of an antecedent debt does not in itself constitute fraud or that the transfer was intended by the debtor to defeat the claims of other creditors. If the purpose of the creditor is to secure his debt and the property transferred is not worth materially more than the debt, the transaction would not generally be considered fraudulent, even though the creditor might know that the debtor is insolvent, that the transfer is of all the debtor's property, that there are other creditors, and that the debtor is actuated by a desire to defraud his creditors and the effect of the debtor's action will be to defeat them. The only restraint upon the creditor in such circumstances is that he must act in good faith, but if he takes the conveyance for the purpose of aiding the debtor in his fraud then such conveyance is void. See Jackson v. Citizens' Bank & Trust Co., 53 Fla. 265, 44 So. 516; Baldwin v. Lafayette Land Co., 62 Fla. 129, 56 So. 943; Vickers v. Glenn, 102 Fla. 535, 136 So. 326; Godard v. Crenshaw, 136 Fla. 78, 186 So. 822. The appellants' proof affirmatively established that the appellees were first, a preferred creditor under a chattel mortgage, and second, that the consideration for the transfer of the real property involved by the debtor to the appellee creditors was adequate. The testimony disclosed that the property transferred was valued by the appellants at between forty and fifty thousand dollars. *767 In obtaining a transfer from the debtor, the appellees released five thousand dollars of their claim and assumed obligations on the property in excess of forty thousand dollars. We conclude that the appellants failed to establish a prima facie case or the basis upon which any valid decree could be rendered in their favor.
Accordingly, the decree appealed from should be and it is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.