LeBLANC, et ux v. GREYKNOLLS BUILDERS, Inc., et al.

No. 61 C 2072.

Circuit Court, Dade County.

June 22, 1961.

Thomas A. Testa, Miami, for plaintiff.

Simon, Hays & Grundwerg, Miami, for defendants.

PHILLIP GOLDMAN, Circuit Judge.

The plaintiffs initiated this action as a complaint "in the nature of a creditor's bill" (see brief and motion to transfer) to set aside a conveyance by the defendant Greyknolls Builders, Inc., grantor, to the defendant Code Builders, Inc., grantee, alleged to have been made without consideration and for the purpose of defrauding creditors.

The defendants denied the material allegations of the complaint. The effect of such denials was to place the burden of proof upon the plaintiffs. See Nelson v. Cravero Constructors, Inc., Fla. App. 3d, 117 So. 2d 764; 8 Fla. Jur., Creditor's Suits, §29, p. 562.

At the outset it should be noted that the court has some reservations as to the propriety of this proceeding inasmuch as a creditor's suit is an equitable remedy and its allowance is predicated upon the absence of a remedy at law. See, generally, 8 Fla. Jur., Creditor's Suits, §§3, 7, 11, 13 and 14. However, the matter is not decided upon that point.

Assuming, as the court does, that the cause is properly before it, the court concludes (after listening to the testimony, observing the witnesses, examining the documentary evidence and the briefs submitted by the parties) that the plaintiffs have failed to carry the burden of proof which the law casts upon them and therefore they must fail.

It is elementary that fraud is never presumed and the burden of proving it is upon the party who asserts it (here, the plaintiffs). Except for the procedural point there involved, the rationale of Nelson v. Cravero Constructors, Inc., supra, would seem to control the case at bar and dictate the conclusion reached.

Without attempting to delineate the evidence, it should be noted that there was evidence (documents as well as testimony) establishing that there was good consideration for the transfer

of the subject property and evidence of fraud, with respect to the transfer between the two corporations, was completely lacking.

Assuming without deciding (as it is unnecessary to this decision) that Henry Barak (not a party to either this action or the earlier tort action, no. 60L 774) did business through a "corporate complex" such fact does not establish or prove fraud. It is equally consistent with the trend in the building and construction industry of establishing such complexes for the purpose of satisfying the maze of prohibitions and qualifications surrounding the favorable and much sought after "capital gain" features of our federal income tax laws.

It would be particularly unfair to presume fraud from this fact where, as was true here, the *stockholders* (or actual owners) of the two defendant corporations were *not* the same and where there was good and sufficient consideration for the transfer from one corporation to another.

So that this ruling will not be misunderstood, the court does *not* decide (as that question is not before it) whether or not a person who engages in the building business in the manner here employed and under the circumstances here presented might not be liable for damages flowing from his tortious conduct, if any.

It is accordingly ordered and decreed as follows — (1) This cause is hereby dismissed with prejudice. (2) All parties shall bear their respective costs.