BARNS, PAUL D., Associate Judge
(dissenting).
The plaintiff-appellant sued the defendant in general assumpsit and at trial at the close of plaintiff’s case the court granted defendant’s motion to dismiss and entered judgment of dismissal. The entry of judgment appears to have been error for the following reasons:
Cate Paving Co. undertook to build and pave a road for the defendant-appellee according to Broward County specifications. Cate called upon the defendant’s engineer to establish the grade for the road which was done by the engineer placing stakes with a one foot set-off from the edge, which stakes were marked with blue tops to indicate elevation of the crown of the road. Plaintiff’s witnesses testified that the road was constructed according to the grade indicated by the defendant’s engineer’s stakes.
After inspection by the county engineer, he found that the road met county specification as to content and structure without reference to elevations except as to the engineer’s stakes; that the county’s inspection was after the rock for the sub-base was in and had been compacted and water bonded and before being surfaced with the finishing asphalt; that the engineer’s grade for the road is supposed to coincide with the requirements of the county; the Engineer’s Inspector of the County Engineering Department testified that the road was constructed to meet county specifications.
The plaintiff called as an adverse witness the president of the defendant corporation who testified that the road was put in by Cate Paving Company, that the claim was not disputed, that there was a balance due on the contract but “because of an error in the elevation of the road it has cost me an excess of that balance” which is covered by defendant’s counterclaim for recoupment.
The defendant’s motion to dismiss at the close of plaintiff’s case under Rule 1.-35(b), Florida Rules of Civil Procedure, as under Rule 41(b), Fed.R.Civ.P. from which the Florida rule was adopted, raises only an issue of law. In ruling on the motion to dismiss the trial court is required to view the evidence in the light most favorable to the party against whom the motion is made; and on appeal, likewise, the appellate court must consider the *735 evidence in its strongest light in favor of the party against whom the motion to dismiss was made. The motion to dismiss by a defendant made at the close of plaintiff’s case in non-jury trials raises an issue of law as does a motion for a directed verdict under the same circumstances in jury tried actions. Nelson v. Cravero Constructors, Inc., Fla.App., 117 So.2d 764. Cf. 2 Moore’s Federal Practice, 2 ed. 1044 § 41.13 [4].
It is clear from the facts established as above stated that they are sufficient to take the case to the jury when the foregoing rule of law is applied to the facts. The burden of proving the affirmative defenses is on the defendant.
I would reverse for a new trial.