PER CURIAM.
The appellant alleged in his complaint that he was employed as a civil engineer to draw certain plans for the defendant. His complaint as amended claimed a lien pursuant to Chapter 84, Fla.Stat.1963, which is the Mechanic’s Lien Law. At the conclusion of the plaintiff’s case, the chancellor entered a decree dismissing the cause in the following language:
“1. That the Defendant’s motion for a directed verdict for failure of the Plaintiff to state a cause of action for damages or foreclosure of a mechanics lien against the Defendant be, and the same is hereby granted.
“2. That the lis pendens filed by the Plaintiff in the above cause be, and the same is hereby cancelled and discharged.
“3. That the plaintiff herein shall take nothing against said Defendant, nor against the property of said Defendant, nor shall the alleged lien here-inbefore sought to be foreclosed against the property, and that said lien is, as against said property of said Defendant, fully satisfied and discharged, and that said property is hereby released from such claim, lien and demand.”
On this appeal it is conceded by the appellant that he did not and could not establish a lien under the Mechanic’s Lien Statute. It is urged that there was a sufficient showing before the court on plaintiff’s case to establish a lien pursuant to § 85.05, Fla. Stat., which is as follows:
“Liens in favor of professional engineers and surveyors. — In favor of professional engineers, and registered land surveyors, who in the practice of their profession shall perform by themselves, or others, any professional engineering or land surveying as defined by law, upon or in connection with any property and also upon the land upon which any of said property may stand. Such liens shall be superior to all others accruing thereafter, except only the statutory liens of material men, mechanics, artisans and laborers. If such professional engineering or surveying shall be done or furnished by the procurement of the owner of the property or his agent, or from a person contracting with such owner to have the work done, the lien shall be upon the interest of such o'wner; but if the professional engineering or surveying be done by the procurement of a person having less than the absolute interest, or of his agent, or of any person contracting with him to have the work done, the lien shall be only upon the limited interest of such person.”
The contention for a lien pursuant to the quoted statute was not made in the *296 trial court; therefore, we will not decide the issue. Nelson v. Cravero Constructors, Inc., Fla.App.1960, 117 So.2d 764. Nevertheless, the court erred in its final decree in that it precluded by the terms of that decree any further action between the parties. See Stilley v. Post, Fla.App.1963, 148 So.2d 569. We do not infer that a basis for a judgment in another action was established. The question is not presented on this appeal because it has never been submitted to the trial court. Nelson v. Cravero Constructors, Inc., supra.
Accordingly, the final decree is affirmed as to the dismissal of the cause for the enforcement of a Mechanic’s Lien, and the cause is remanded for the entry of an amended final decree eliminating from the final decree appealed all reference to the discharge of the defendant from a cause of action for damages.
Affirmed in part, reversed in part and remanded.