458 So.2d 1175 (1984)
Sidney SPIEGEL, As Trustee, Appellant/Cross Appellee,
v.
STANLEY NELSON, INC., Appellee/Cross Appellant.
No. 83-342.
District Court of Appeal of Florida, Fourth District.
November 7, 1984.
Rehearing Denied December 13, 1984.
*1176 Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant/cross appellee.
Dean J. Rosenbach of Lewis, Vegosen & Rosenbach, P.A., Palm Beach, and Frank B. Kessler of Zwickel, Gross & Kessler, Lake Worth, for appellee/cross appellant.
RIVKIND, LEONARD, Associate Judge.
In a non-jury trial, appellant, plaintiff below, was awarded $17,969 on the complaint and appellee was awarded $100,000 on the counterclaim. We affirm the judgment on the complaint and reverse the judgment on the counterclaim.
We have reviewed the entire record and find there is competent, substantial evidence to support the finding of the trial court concerning the amount of additional percentage rent due appellant as a result of prior inaccurate reporting of gross sales. We reject appellant's contentions that parol evidence should not have been allowed regarding the provision of the lease relating to percentage rent and that the wholesale business of appellee should have been included in determining the percentage rent due. The handwritten additions to the typed provision of the lease concerning the percentage rent created an ambiguity permitting parol evidence as to the meaning and intent of the parties to the lease. The trial court committed no error in allowing parol evidence nor in concluding therefrom that the wholesale business conducted from the premises was not to be included in gross sales to determine percentage rent. See Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735 (Fla. 3d DCA 1982); Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981); J & S Coin Operated Machines, Inc. v. Gottlieb, 362 So.2d 38 (Fla. 3d DCA 1978). Therefore, the amount awarded appellant is affirmed.
We find that the judgment on the counterclaim must be reversed on the record presented because it is not supported by competent, substantial evidence. The counterclaim was based upon an alleged breach by appellant of a provision of the renewal lease that the shopping center would be maintained "... as a dignified first-class retail establishment..." At the time appellant acquired title to the shopping center, appellee provided an "estoppel letter"[1] which stated there was no existing default of the lease on the part of the lessor. Yet, the evidence is clear that the character of the shopping center had already drastically changed before appellant *1177 assumed the lessor's obligations under the lease and this was apparent to appellee prior to furnishing the estoppel letter. Such conduct precludes any recovery on the counterclaim. Furthermore, appellee failed to establish damages with reasonable certainty. Mathematical preciseness is not required. However, this record does not reflect nor have the parties in their brief or at oral argument been able to enlighten this court as to the basis for the award of damages. See Polyglycoat Corporation v. Hirsch Distributors, Inc., 442 So.2d 958 (Fla. 4th DCA 1983). Ergo, we reverse the final judgment on the counterclaim with instructions to enter a final judgment in favor of appellant on appellee's counterclaim.
Affirmed in part, reversed in part.
LETTS and HERSEY, JJ., concur.
NOTES
[1] The estoppel letter is not contained in the record. However, it was marked in evidence as an exhibit and its contents are not disputed.