529 So.2d 311 (1988)
Stanley NELSON and Francine Nelson, Appellants,
v.
Sidney SPIEGEL, As Trustee, Appellee.
No. 87-1294.
District Court of Appeal of Florida, Fourth District.
July 20, 1988.
Rehearing Denied August 31, 1988.
Evelyn Ziegler and Terry E. Resk of Lewis, Vegosen, Rosenbach & Fitzgerald, P.A., West Palm Beach, for appellants.
Joel M. Weissman of Joel M. Weissman, P.A., Palm Beach, for appellee.
PER CURIAM.
This appeal arises out of an action for supplemental relief filed pursuant to chapter 56, Florida Statutes (1985). Appellants seek reversal of an amended final order that awarded appellee $20,443.95. We affirm.
In 1980, Sidney Spiegel filed a lawsuit for unpaid rent against Stanley Nelson, Inc., his tenant. The corporation counterclaimed for damages caused by the appellee's failure to maintain the shopping plaza as a retail shopping plaza. A net final *312 judgment on the counterclaim was entered in favor of the corporation but this final judgment was reversed on appeal and a final judgment for unpaid rent was entered against the Nelson corporation in favor of Spiegel. In 1982 prior to the entry of a final judgment in the Spiegel v. Stanley Nelson, Inc. suit, appellants, Stanley and Francine Nelson, filed suit against their own corporation for $120,000 in outstanding and unsecured loans. The Nelsons, controlling the corporation, took no action to defend and let the suit go by default, resulting in a judgment in their favor against their own corporation. This judgment was obtained, according to the Nelsons' attorney, to document their own personal loss for tax purposes. At the time the judgment was entered against the corporation, the only asset of the corporation was the Spiegel lease which had been sublet at that time to another tenant. The sub-lease had a value of approximately $33,500. The attorney advising appellants at that time, allegedly not aware of any corporate creditors such as Spiegel, advised the Nelsons to assign themselves the proceeds of the sub-lease in repayment of this loan. Mrs. Nelson testified at trial that the reason why they filed suit against their own corporation and assigned the sub-lease to themselves was in order to recoup some of their money. Furthermore, fees incurred by the attorney who represented Stanley Nelson, Inc. in this suit were paid out of these lease assignment monies by Mr. and Mrs. Nelson. When appellants initiated the suit against their corporation, they were personally aware of other substantial creditors or potential creditors of their corporation, including Spiegel. It is undisputed that the corporation was insolvent at the time of the transfer.
Faced with this evidence, the trial court apparently concluded that the Nelsons had simply not met their burden of overcoming the chapter 56 statutory presumption of a fraudulent transfer of the sub-lease by the corporation to its own sole stockholders and granted relief to Spiegel. Appellants claim that under Nelson v. Cravero Constructors, Inc., 117 So.2d 764 (Fla. 3d DCA 1960), and Miles v. Katz, 405 So.2d 750 (Fla. 4th DCA 1981), this result is wrong. Nelson holds:
The mere proof of the transfer of assets by an insolvent debtor or one whose insolvency is imminent, to a creditor in payment of an antecedent debt does not in itself constitute fraud or that the transfer was intended by the debtor to defeat the claims of other creditors. If the purpose of the creditor is to secure his debt and the property transferred is not worth materially more than the debt, the transaction would not generally be considered fraudulent, even though the creditor might know that the debtor is insolvent, that the transfer is of all the debtor's property, that there are other creditors, and that the debtor is actuated by a desire to defraud his creditors and the effect of the debtor's action will be to defeat them. The only restraint upon the creditor in such circumstances is that he must act in good faith, but if he takes the conveyance for the purpose of aiding the debtor in his fraud then such conveyance is void.
117 So.2d at 766 [Emphasis supplied].
Miles v. Katz holds that even the creditor's knowledge of the debtor's intent to defraud is not sufficient to have a conveyance of the debtor's property set aside if the preferred creditor did not actually participate in the fraudulent purpose.
In our view the evidence before the trial court, taken in the light most favorable to appellees, shows more than the facts held to be insufficient in Nelson, and does include the creditor participation that was missing in Miles. The record contains evidence showing that the transfer by the insolvent corporation was made to the sole stockholders of the company; that two creditors were actually in litigation with the corporation at the time and the ultimate conclusion of the Spiegel lawsuit was within sight and, in fact, final judgment was rendered three months after the transfer. While appellants claim that they reasonably believed that they were creditors because of their counterclaim against Spiegel, given the disposition of their counterclaim in this court's opinion in Spiegel v. Stanley *313 Nelson, Inc., 458 So.2d 1175 (Fla. 4th DCA 1984), one can infer that prior to trial the Nelsons at least had reason to be concerned about a potential judgment against the corporation for unpaid rent. Most importantly, there is creditor participation in the transfer. The Nelsons, individually, took the actions to file suit against their own corporation, and then, as they were the sole officers of the company, elected not to defend against the suit. Thus, there was creditor participation which was not present in Miles. The default judgment had the effect of establishing judgment priority in time, on behalf of the Nelsons should the Spiegel suit have been decided against them after trial. This case is also distinguishable from Nelson because in Nelson the appellees were already preferred creditors of the corporation, and there was no evidence of the pendency of any creditor's lawsuits against the corporation at the time of the transfer. Furthermore, in accepting the conveyance of property, the creditors in Nelson actually assumed obligations on the property in excess of its value. Finally, in the Nelson case the trial court made a factual determination which the appellate court affirmed.
The findings of a trial judge are presumed correct and cannot be disturbed absent a showing that there was no competent substantial evidence to sustain them. Kirk v. Edinger, 380 So.2d 1336 (Fla. 5th DCA 1980). The facts in this case, although inconclusive if separately considered may, by their joint consideration, constitute sufficient proof. See Tornwall v. Carter, 106 So.2d 96 (Fla. 2d DCA 1958). Most of the "badges of fraud" are present in this case. 13 Fla.Jur.2d, Creditor's Rights § 220 (1979). As did Kirk, this case presents a close question which could have been decided either way by the trial court. The judge heard the evidence and observed the witnesses. This court should not substitute its view of the evidence for that of the trier of fact. Therefore, we affirm the trial court's determination that the appellants did not carry the burden of proof imposed upon them by chapter 56.
ANSTEAD and DELL, JJ., and WARNER, MARTHA C., Associate Judge, concur.