J. L. KAMRAR, Appellee, v. J. C. BUTLER, Appellant.

**Boundaries:** CITY LOTS: WIDTH: EVIDENCE. In this action involving a disputed boundary lot line the evidence is held sufficient to show that the lots were sixty feet in width as surveyed and platted.

**Estoppel:** PLEADINGS. To be available the facts constituting an estoppel must be pleaded.

**Trial in equity:** TRANSFER OF CAUSE: WAIVER. Where the facts pleaded in the petition to enjoin defendant from trespassing or interfering with plaintiff's possession of certain lots clearly entitled him to some form of relief, if true, but defendant claimed that the remedy was at law, his failure to move for a transfer of the cause to the law side of the docket was a waiver of any error in trying the case as an equitable action.

**Real property:** TRESPASS: INJUNCTION. An injunction will lie to restrain repeated trespass or threatened injury to real property.

*Appeal from Hamilton District Court.*—HON. R. M. WRIGHT, Judge.

SATURDAY, MARCH 14, 1914.

ACTION in equity to enjoin defendant from trespassing upon and interfering with plaintiff's possession of certain lots in Webster City, Iowa. There was a decree as prayed in the district court, and defendant appeals.—*Affirmed.*

*G. D. Thompson,* for appellant.

*Kamrar & Prince,* for appellee.

WEAVER, J.—The plaintiff alleges that he is and for many years has been the owner in fee of lots 5, 6, 11, and 12 in block 13 of Webster City; that, prior to the matters herein complained of, he brought an action against the defendant in the district court of Hamilton county, Iowa, to quiet his title to said property against all adverse claims thereto by said defendant, in which action a final decree was entered confirming plaintiff's claim of ownership to all said property, and quieting in him the title thereto in fee simple. It is further alleged that by the terms of said decree the defendant was ordered to vacate said premises, and that, upon failure to do so, a writ of removal should issue against him, but

plaintiff avers that defendant refuses to obey said decree or the writ issued thereon, but persists in encroaching on said lots by erecting buildings, and by throwing rubbish upon the same, and by interfering with the plaintiff's tenants in their use and enjoyment of the property, all to the irreparable damage of the plaintiff. The prayer for relief is that the plaintiff be enjoined from said trespasses, and from all interference with plaintiff's lawful use and enjoyment of the premises, and that defendant be required to remove all the buildings and rubbish which he has placed thereon. A general demurrer to the petition having been overruled, the defendant answered, admitting the rendition of the decree mentioned in the petition, and pleads the same as an adjudication and estoppel against plaintiff's right to maintain this action. He denies the alleged trespasses, or that he has used or occupied any part of plaintiff's lots, but alleges that he owns the land lying directly east of plaintiff's lots, and that the line between plaintiff's premises and his own has been fixed and established by acquiescence for more than ten years, and that the matters of which plaintiff complains have reference wholly to land lying east of said line and within the bounds of defendant's rightful possession and ownership.

It will be seen from the foregoing that, when divested of all immaterial considerations, the real controversy between the parties turns upon the real location of the boundary line between their respective lots. The testimony indicates that the determination of the question thus raised depends on the platted width of the lots in that block, whether sixty-six feet, as claimed by the plaintiff, or fifty-two feet eight inches, as claimed by the defendant. The trial court, after hearing all the evidence offered by the parties, found that the true width of the lots is sixty-six feet, and sustained the contention of plaintiff substantially as set out in his petition. This finding is attacked by the defendant as being without sufficient support in the record. There is nothing to be gained by attempting to set out the tes-

1. BOUNDARIES:
city lots:
width: evi-
dence.

timony in this opinion. It is, to say the least, quite confusing in many respects, but we think it fairly sustains the conclusion announced by the court below. The recorded plat has became so faded and worn that it is now impossible to decipher the figures. Witnesses testify to having seen thereon the figures 5, 2, and 8, and that there was some mark which might have been a decimal point between the 2 and the 8. It is shown, however, that in the instrument of dedication which accompanies the plat the lots of the entire plat are described as being "uniformly sixty-six by one hundred and thirty-two feet," except certain described blocks and lots, among which exceptions block 13 does not appear. This would seem to be quite decisive of the original platting. It finds support also in the plat book of the county where these lots are described as being sixty-six by one hundred and thirty-two feet. The location of these lots appears to be in a portion of the plat which was not occupied and improved in the earlier years of the city's history, and, the marks and monuments of the survey not having been preserved, the usual result of uncertainty and trouble has followed. Appellant complains that the surveys and the oral testimony offered in the endeavor to retrace the true lines of the lots are weak and insufficient evidence. That much of it is of slight value is quite obvious, but, as a whole, it seems to be the best which is obtainable, and we regard it sufficient to justify the decree entered.

The allegation of acquiescence in the line claimed by the defendant is not sustained by any substantial evidence, and the trial court did not err in overruling that defense.

Counsel also argue that, by reason of certain alleged conduct on part of plaintiff at the time which defendant became the owner of the lot on the east, plaintiff is estopped to claim title to the line established by the trial court. Of this it is sufficient to say that no such estoppel is pleaded, nor do we think the evidence referred to would be sufficient to sustain such plea had it been made.

2. ESTOPPEL: pleadings.

Finally it is said that plaintiff has failed to show any grounds for equitable relief, but we think the point is not well taken. If the matters stated in the plaintiff's petition are true, they show him clearly entitled to remedy or relief of some kind, and, if defendant believed that the true remedy was at law instead of in equity, he could have moved for a transfer of the issues to the law side of the calendar for trial. Code, section 3432. No such motion was made, and the error if any was waived. Code, section 3437.

**3. TRIAL IN EQUITY: transfer of cause: waiver.**

That an injunction will issue to restrain repeated trespasses and threatened injury to real property is elementary. *Troe v. Larson,* 84 Iowa, 649; *Tantlinger v. Sullivan,* 80 Iowa, 218; *Ladd v. Osborne,* 79 Iowa, 95; *Bolton v. McShane,* 67 Iowa, 208.

**4. REAL PROPERTY: trespass: injunction.**

There is some conflict in the testimony, and, so far as the merits of the case depend upon any question of veracity of witnesses, we are always disposed to give considerable consideration to the views of the trial court. Moreover, our own reading of the record inclines us to the conclusion that the preponderance of evidence is with the plaintiff on all essential matters of dispute.

It follows that the decree of the district court must be —*Affirmed.*

LADD, C. J., and PRESTON and EVANS, JJ., concur.