HAROLD HUSTON, appellant, v. GELANE COMPANY, INC., appellee.

No. 50793.

(Reported in 119 N.W.2d 188)

JANUARY 15, 1963.

Wilson, Maley & Stamatelos, of West Des Moines, for appellant.

Duncan, Jones, Hughes, Riley & Davis, of Des Moines, for appellee.

SNELL, J.—In a law action plaintiff sought damages for alleged breach of an oral contract of employment. Frustrated by the Statute of Frauds plaintiff asked for permission to amend to plead equitable estoppel. Permission was denied. The court directed the jury to return a verdict for defendant. Plaintiff appeals.

Plaintiff claimed in his pleadings and by offer of testimony that by oral contract he was employed by defendant to serve for an initial period of 18 months. He was to act as manager, contact man and salesman for defendant's wholesale flower business at a salary of $150 per week. At the end of 18 months plaintiff was to receive 10% of the profits, if any, or he might be replaced or the store closed.

Plaintiff worked for defendant from November 14, 1960, until April 5, 1961, at which time he was discharged. He was paid for the time he worked. For what he claimed was his

premature discharge, without cause, he asked actual and exemplary damages.

I. Plaintiff was the only witness called to testify. As he attempted to tell his version of his employment contract and the terms thereof, defendant objected for the reason that unless evidence thereof was in writing it was incompetent under the provisions of the Statute of Frauds, section 622.32, Code of Iowa. The objection was sustained.

The statute relied on provides:

"Statute of frauds. Except when otherwise specially provided, no evidence of the following enumerated contracts is competent, unless it be in writing and signed by the party charged or by his authorized agent:

"1. * * *

"2. * * *

"3. * * *

"4. Those that are not to be performed within one year from the making thereof."

Plaintiff testified that there was no written contract. He claimed the oral contract was to be performed over a period of 18 months. He was paid for the executed part of the contract. He sought damages for breach of the executory part of contract. The testimony was incompetent under the statute. Murphy v. De Haan, 116 Iowa 61, 63, 89 N.W. 100.

II. Barred from the use of parol evidence by the statute and being without evidence in writing plaintiff tried to mend his hold. He asked permission to amend and to plead an equitable estoppel. Permission was denied and plaintiff claims this was an abuse of discretion.

Plaintiff in an offer of proof testified that defendant offered him more money for a definite period of time to work for defendant in the same type of business as his former employment. Plaintiff claimed that these representations were the sole reason for leaving his former employment and accepting employment by defendant and that plaintiff should be permitted to plead estoppel against defendant.

Plaintiff cites and relies, among other cases, on Watts v. Wright, 201 Iowa 1118, 1120, 206 N.W. 668, wherein it is said

that a plaintiff has no legal duty to anticipate defenses and that estoppel need not be specially pleaded when the matter on which it arises appears on the face of the pleadings.

Plaintiff cites numerous authorities and quotes from Ver Steegh v. Flaugh, 251 Iowa 1011, 1021, 103 N.W.2d 718, 724, as follows:

"The trial court has a broad discretion in the matter of allowing amendments to pleadings, especially those to conform to the proof. We have frequently said that to allow such an amendment is the rule, to deny it is the exception."

That such is the law is not questioned but it does not save plaintiff here.

Plaintiff also cites and argues in support of his position on equitable estoppel Miller v. Lawlor, 245 Iowa 1144, 66 N.W.2d 267, 48 A. L. R.2d 1058. The Miller case involved subsection 3 of section 622.32 and the exception permitted under section 622.33, Code of Iowa. It is not applicable in the case before us. The same is true of Halligan v. Frey, 161 Iowa 185, 141 N.W. 944, 49 L. R. A., N. S., 112.

III. The weakness in plaintiff's position appears in several particulars. While the Statute of Frauds may as here be defensive in that it may prevent proof of a claimed contract it is not a defense based on any factual showing as to why plaintiff may not prevail. The statute is a rule of evidence and not of substantive law. As said in Miller v. Lawlor, supra, loc. cit. 1151, "our statute, unlike its English forerunner, does not forbid oral contracts or render them invalid. It relates merely to the manner of proof." See also McMinimee v. McMinimee, 238 Iowa 1286, 1293, 30 N.W.2d 106, and cases cited.

In the case before us there was nothing in plaintiff's offer of proof authorizing a waiver of the rules of evidence. There was nothing that would justify the court in admitting evidence declared by the statute to be incompetent. To stultify the Statute of Frauds by admission, under the guise of equitable estoppel, of evidence that is incompetent by statute would amount to judicial repeal of legislative enactment. This we cannot do.

By objecting to testimony barred by the Statute of Frauds defendant was not raising a new defense. There was no change in position; no new issue, no surprise. There can be no claim of surprise when in the trial of a lawsuit there is an objection to testimony made incompetent by statute.

IV. It is well settled that an equitable estoppel must be pleaded to be available. Eckert v. Century Fire Insurance Co., 147 Iowa 507, 512, 124 N.W. 170; Kamrar v. Butler, 164 Iowa 293, 296, 145 N.W. 879. This rule is not inconsistent with Watts v. Wright, supra, where the matter appeared on the face of the pleadings.

Here plaintiff had stated and tried his case without any claim of estoppel. When faced with failure of competent evidence he attempted to amend. The attempted amendment was not timely and even if allowed would not have made his testimony competent.

V. While the allowance of an amendment is the general rule and to deny it the exception, see Mooney v. Nagel, 251 Iowa 1052, 1059, 103 N.W.2d 76, it should be noted that the rule is most frequently stated in connection with amendments to conform to proof. Here there could be no amendment to conform to proof because there was no proof. The right to amend is not absolute in all cases and is to a great extent within the sound discretion of the court. State ex rel. Floyd v. City of Keokuk, 18 Iowa 388.

In the case before us there was no abuse of discretion in refusing permission to amend.

The case is—Affirmed.

All JUSTICES concur.