ADRIAN BROSE and MARY ETTA BROSE, appellants, v. INTERNATIONAL MILLING COMPANY, INC., appellee.

No. 51331.

(Reported in 129 N.W.2d 672)

JULY 16, 1964.

Smith & Hanson, of Emmetsburg, for appellants.

Hutchison, Hutchison & Andreasen, of Algona, for appellee.

STUART, J.—This action was brought in three divisions, the first seeking cancellation of a chattel mortgage known as Exhibit F and forfeiture of $25 for failure to release it; the second asking for cancellation of other chattel mortgages and their re-

moval from the record; the third seeking damages for the malicious refusal to release the mortgages thus preventing plaintiffs from obtaining credit. Defendant counterclaimed for $5644.92 as a balance due from plaintiff, Adrian Brose, either on notes or on open account. The action for damages is not involved here as it has been reserved for a jury trial.

The trial court held the mortgages involved in division two were released and discharged and that certain turkey raising equipment in possession of plaintiffs was exempt from general execution. Judgment was entered on defendant's counterclaim for $5644.92 on both the note and open account theories. Exhibit F was held to be a valid mortgage and was foreclosed. Costs were taxed to plaintiffs who have appealed. For convenience Adrian Brose, the husband, will be referred to as plaintiff.

In 1956 plaintiff entered into an arrangement with defendant, maker of Supersweet Feeds, under which it was to furnish him feed and credit for a turkey operation. The financing arrangement was initiated by an application for credit and the execution of a chattel mortgage containing a dragnet clause covering all existing and future indebtedness and including all eggs, turkeys, feed and equipment as security. On approval by the company, a line of credit was established under which the operator would receive the poults, feed or cash up to the amounts estimated in the application. Notes were prepared at the end of each month to cover the credit extended during the month. Separate accounts were maintained by the company so that it and the grower could ascertain the profit or loss on each flock, but it treated all accounts as one general book account. Plaintiff was sent a monthly statement showing the balance on his indebtedness. Receipts from the sale of turkeys were payable to both plaintiff and defendant. Plaintiff ordinarily endorsed the check over to defendant which applied the proceeds against the oldest indebtedness, but not against any particular note. The notes were not returned when paid off but were kept until the particular account was closed out.

When the turkey market deteriorated in 1959 plaintiff was unable to meet his obligations and defendant refused to extend further credit.

■ I. Plaintiff first claims defendant failed to prove a cause of action based upon notes. We do not agree. Even though defendant did not allege and introduce into evidence all the notes in its possession signed by plaintiff, it did introduce seven notes the face amounts of which were more than the claimed balance due. They were properly identified and plaintiff stipulated that he "signed what has been marked defendant's Exhibit 15 and that plaintiff Mary Etta Brose signed Adrian Brose's name to what has been marked defendant's Exhibits 10, 12, 13, 14, 16, 17 and 18 and that such signing was with the knowledge, consent and authority of Adrian Brose. Plaintiff withdraws objections to the offer of defendant's Exhibits 10, 12, 13, 14, 15, 16, 17 and 18" (these exhibits include the seven notes referred to). This evidence made a prima facie case. In re Estate of Shama, 245 Iowa 1039, 65 N.W.2d 360.

Plaintiff's defense was payment, but he offered no evidence of payment except as shown on defendant's ledger sheets Exhibits 1 through 7, and to which he objected. The ledger sheets which summarize all transactions between the parties do not support his contention of payment. The court correctly entered judgment against plaintiff on the unpaid balance due on the notes.

II. Plaintiff also claims defendant failed to prove a cause of action based on open account. While it is questionable under this record whether the ledger offered is the best evidence, we need not decide this proposition in view of our holding under Division I.

III. In Division II plaintiff argues the chattel mortgage, Exhibit F, should (1) be released and discharged as paid or (2) be declared null and void because of a defective acknowledgment. In the event we determine the mortgage to be a valid lien, he asks us to limit it to the property specifically described.

■ The mortgage is dated August 8, 1958, and is signed by Adrian Brose and Mrs. Mary Etta Brose. The indebtedness for which it was initially given as security was a note in the amount of $273.56 signed by "A. Brose". This was the purchase price of a bulk feed bin referred to in the note and which was the only

specific item of property listed in the mortgage. The mortgage also contained the following provisions:

"Together with all increase, and the increase from the increase thereof, additions thereto and substitutions therefor. It is my intention hereby to mortgage all of the property of the respective kinds above described, which I now own or may acquire, until the consideration herein named and all my other indebtedness to said mortgagee is fully paid according to the evidence of debt the said mortgagee now holds or may hold against me, and I further sell and transfer to the said mortgagee, all crops, feed and hay owned by me on the premises above mentioned, including that which is to be grown on said premises until the indebtedness herein named and all other indebtedness held by the said mortgagee is fully paid and this mortgage is satisfied of record. * * *

"This mortgage is to be void if first party performs the conditions thereof and pays the following described indebtedness, to-wit: Every and all accounts, notes and dues in any manner due or owing by me to the mortgagee at any time until this mortgage is fully paid, including ........ promissory note or notes, payable at the office of the mortgagee herein named, to-wit:

"One note for $273.56 dated 7/21/58 due on demand with interest according to the tenor thereof.

"This mortgage shall remain in force until all of said indebtedness is paid whether the same be evidenced by the original note, or notes, or renewals for the whole or any part of said amounts, or by an open account, and any other mortgage as additional security shall be supplemental to this until this is formally released."

The note for $273.56 had been marked paid and returned to plaintiff, but the mortgage was not released. At all times since the execution of the mortgage plaintiff has been indebted to defendant in an amount in excess of the mortgage.

Plaintiff argues that we should not give effect to the broad "dragnet" clause and hold the mortgage discharged because the original obligation has been paid. We have said many times that such provisions are not favored and should be closely scrutinized, but it will be enforced to the extent it appears to have been within the intent of the parties. First v. Byrne, 238

Iowa 712, 28 N.W.2d 509, 172 A. L. R. 1072, and cases therein referred to. The language of the mortgage is quite clear and when it is considered along with the method of doing business leads to no conclusion except that this mortgage was intended to apply to all other indebtedness.

There is a different situation existing in relation to the property covered. The intention of defendant in taking this mortgage is stated by Mr. E. A. Thompson:

"Our policy for purchase of turkey equipment was to make these purchases with the confidence that the regular Chattel Mortgage would cover these purchases of new equipment. However, in the case of a bulk bin our legal counsel advised that it might not be considered as turkey equipment, so our practice was, that whenever a grower bought a bulk bin, to use this form *specifically for the bulk bin and made absolutely sure that we had a chattel on that bulk bin."*

The purpose of the mortgage was to make sure the bulk bin was included along with the rest of the equipment as security for the indebtedness and covered only the bulk bin. Defendant does not even argue the point or contend they intended the mortgage to be as broad as the language indicates. We therefore held the mortgage is a valid lien against the bulk feed bin only and the trial court correctly foreclosed the same.

Plaintiff does not, here, argue his claim that the mortgage is void because of a defective acknowledgment. However, a defective acknowledgment is no defense in a controversy between the original parties. National Bank of Milton v. O'Brien, 196 Iowa 865, 871, 195 N.W. 611.

IV. In his third division plaintiff assigns error for the failure to admit certain portions of the depositions of a Mr. Johnson and a Mr. Nelson into evidence. They were excluded under rule 144(b) on the ground neither Mr. Johnson nor Mr. Nelson was an "officer, partner or managing agent" of defendant. We need not decide this question for we have read the portions of the deposition which plaintiff sought to introduce and conclude any error would have been harmless. The portions of Mr. Johnson's deposition which were not cumulative dealt with the defective acknowledgment which we have held to be of no im-

portance here. Mr. Nelson's testimony related to attempted settlement negotiations. Their admission would not have affected the result.

V. Plaintiff argues the trial court erred in refusing to permit an amendment to the petition on the legal issues two and one-half years after the petition was filed, after the equitable issues had been ruled upon and after defendant had moved for an adjudication of law points. The amendment alleged defendant had made false oral representations to another feed company to induce them not to do business with plaintiff. No explanation was given for the failure to plead this cause of action earlier. The trial court refused to permit the amendment as a matter of discretion as well as on the ground that it substantially changed plaintiff's claim. We need not decide whether such amendment was permissible under R. C. P. 88 as the granting or refusing of the amendment was within the trial court's discretion. Huston v. Gelane Co., 254 Iowa 752, 119 N.W.2d 188; Brown v. Guiter, 256 Iowa 671, 128 N.W.2d 896.

VI. On defendant's motion for adjudication of law points, the trial court ruled that plaintiff could not raise the issue of defective acknowledgments or other improprieties in connection with the execution of the instruments in his law action for damages. This ruling is assigned as error. Questions of res judicata and equitable estoppel are argued, but these need not be discussed in view of the trial court's position with which we agreed in Division II that a defective acknowledgment is no defense in a controversy between the original parties. Further discussion would be superfluous. The court was correct in refusing to let this matter be relitigated.

VII. Tucked away among the divisions of defendant-appellee's brief and argument answering the contentions of plaintiff-appellant is one division which briefly considers the cross-appeal. Defendant contends that rulings by which plaintiff is prohibited from raising the question of improper acknowledgments in the law case effectively dispose of the entire case. The trial court refused to so hold in its ruling on motion for adjudication of law points.

The pleadings in Division III of plaintiff's petition are

not as clear as they might be. However, this is not a direct attack upon the pleadings and we are reluctant to hold that a determination of the legal effect of improper acknowledgments disposes of the whole case, which seems to be based upon malice. We are not sure whether the petition claims damages for acts of defendant other than failure to remove all of the mortgages from the record. If these acts are the sole basis of recovery there is merit in defendant's argument. Exhibit F has been held to be a valid lien and is properly on record. Exhibits A through E were released and discharged by summary judgment. We know of no requirement that defendant have its agents physically remove the same from the record. They were released by the judgment and certainly their presence in the recorder's office should not stand in the way of other business dealings. On the other hand it is difficult to see why defendant did not remove them from the record and avoid this complaint. As we are unable to tell under this record the extent of plaintiff's charges and as we do not know what the evidence will be, we affirm the trial court's ruling in which he permits the law action to stand.

In summary we affirm the decision of the trial court in awarding judgment to defendant on its counterclaim on the note theory in the amount of $5644.92. We hold there was no competent evidence to sustain the same judgment on open account. Exhibit F is a valid lien against the bulk bin only and to this extent was properly foreclosed by the trial court. The trial court is affirmed on his ruling permitting the plaintiff to proceed with his action for damages.—Modified and affirmed.

All JUSTICES concur except HAYS, J., not sitting.